IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES for the use of
QUALITY TRUST, INC.,

                    Plaintiff,

          Vs.                                    No. 04-4157-SAC

CAJUN CONTRACTORS, INC.,
d/b/a/ CAJUN CONSTRUCTORS, INC,
and LIBERTY MUTUAL INSURANCE
COMPANY,

                    Defendants.

MEMORANDUM AND ORDER

          This case comes before the court on defendant's motion to dismiss for

improper venue or, in the alternative, to transfer venue to the middle district of

Louisiana.

          This case alleges breach of contract, fraudulent inducement, and other

claims arising from the plaintiff's agreement to construct certain buildings at Fort

Riley in Riley County, Kansas, commonly known as the Wastewater Treatment

Plant.  Cajun was the general contractor for the project, plaintiff was a subcontractor

for the project, and Liberty Mutual Insurance Company issued a bond for Cajun

pursuant to the Miller Act, 40 U.S.C.  § 270a, *et seq*.  Plaintiff contends that it

performed work in accordance with the terms of the contract, but has not been paid

in full for its labor and materials.  All parties acknowledge that the contract at issue

contemplated work on a federal project, and that they understood that any disputes

would likely be governed by the Miller Act.

      "Congress enacted the Miller Act to protect persons who supply labor

and materials for the construction of federal buildings. Due to its remedial nature it is

afforded a liberal construction.  *United States ex rel. Sherman v. Carter*, 353 U.S.

210, 216, 77 S. Ct. 793, 796-97, 1 L. Ed. 2d 776 (1957)."  *U.S. for Use of B & D*

*Mechanical Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117

(10th Cir. 1995), *cert. denied*, 517 U.S. 1167 (1996).

      At issue in this case is the Miller Act's venue provision, which states:

> A civil action brought under this subsection must be brought... in the United
> States District Court for any district in which the contract was to be
> performed and executed, regardless of the amount in controversy.

40 U.S.C.A. § 3133(b)(3)(B).  The Act previously required that "Every suit

instituted under this section shall be brought in . . . the United States District Court

for any district in which the contract was to be performed and executed **and not**

**elsewhere** . . .." 40 U.S.C. § 270b(b) (bold added).  But the Supreme Court

characterized that language as being "merely a venue requirement."  *F.D. Rich Co.,*

*Inc. v. U. S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 124-125 (1974).

The Tenth Circuit has followed suit, holding that the venue provision in the Miller

Act is subject to contractual waiver by a valid forum selection clause.  *B & D*

*Mechanical Contractors, Inc*, 70 F.3d 1115.  There, the Tenth Circuit held "that a

valid forum selection clause supersedes the Miller Act's venue provision."  *Id.*

The court thus determines whether the forum selection clause in the

present case is valid.  To interpret a contract the court "must give a written

agreement that interpretation which was intended by the parties."  *Ader v. Hughes*,

570 F.2d 303, 309 (10th Cir. 1978).  The clause at issue states:

> **A. Law and Venue**.  The terms and provisions of this Agreement shall
> be governed by and interpreted in accordance with the Laws of the State of
> Louisiana and any action arising out of this Agreement must be brought in
> the 19th Judicial District Court for the Parish of East Baton Rouge.  As such,
> Sub contractor appoints the Secretary of State of the State of Louisiana as its
> agent for service of process (unless it otherwise has an agent for service of
> process in Louisiana) for claims arising out of this Subcontract and it waives
> all jurisdiction and venue objections to litigation in Louisiana.

Dk. 7, Att. 1, Subcontract Agreement, p. 13.

Defendant invites the court to find that this clause is nothing more than

a designation of a geographic locality in which a lawsuit, if any, must be brought,

and contends that since the United States District Court for the Middle District of

Louisiana includes the same physical area as the 19th Judicial District Court for the

Parish of East Baton Rouge, that federal court should be the forum for this lawsuit.

The court declines to so find because to do so would require this court to misread

3

the plain language of the contract and rewrite its terms.

      The contract clearly contemplates that any lawsuit must be brought in a specific, named state court.  This is problematic because  federal courts have exclusive jurisdiction over Miller Act cases.

> Although parties are able to contractually alter the Miller Act's venue provisions, they are not able to change its jurisdictional requirements.  As Justice Frankfurter stated in *Neirbo Co. v. Bethlehem Shipbuilding Corp*., 308 U.S. 165, 60 S. Ct. 153, 84 L. Ed. 167 (1939):
>> The jurisdiction of the federal courts--their power to adjudicate--is a grant of authority to them by Congress and thus beyond the scope of litigants to confer.  But the locality of a lawsuit--the place where judicial authority may be exercised--though defined by legislation relates to the convenience of litigants and as such is subject to their disposition.

*Id*. at 167-68, 60 S. Ct. at 154.  The Miller Act grants federal courts exclusive jurisdiction. (Citations omitted.)

*B & D Mechanical Contractors, Inc*., 70 F.3d at 1117-1118.  Thus a state court is not empowered to exercise jurisdiction over a Miller Act claim.

      This same issue was addressed in *B & D Mechanical Contractors, Inc*.  The forum selection clause in that case stated that any claims arising under the contract shall be governed by Texas state law "and exclusive venue shall be proper in Bexar County, Texas."   The Tenth Circuit found this language attempted to divest the federal courts of their exclusive jurisdiction and was thus "void and unenforceable."  The forum selection clause in the present case is indistinguishable

from that in *B & D Mechanical Contractors, Inc.*, except to the extent this one is more express in requiring use of a specific state court, a distinction that cuts further against its validity.

Because the forum selection clause is invalid, the Miller Act's venue provisions prevail, meaning this case must be brought in the federal district where the contract was to be performed.  40 U.S.C.A. § 3133(b)(3)(B). The agreement indicates that the construction was to be done in Ft. Riley, Kansas, Dk. 7, Att. 1, Subcontractor Agreement, p. 1, thus venue is appropriate in the United States District Court for the District of Kansas.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or transfer (Dk. 7) is denied.

Dated this 31st day of March, 2005.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge