### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUALITY TRUST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 04-4157-SAC |
| | ) |
| CAJUN CONTRACTORS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

This matter comes before the court upon a motion filed on behalf of plaintiff by Mr. Lawrence Ruiz, an individual who is not a named party or counsel of record in this action, seeking reconsideration of the court's decision to permit plaintiff's prior counsel of record, attorney David L. Vogel, to withdraw (Doc. 59).

On February 23, 2006, the court entered its order permitting attorney Vogel to withdraw from further representation of plaintiff in this matter (Doc. 56). In that order, the court observed that "it is well settled that corporations and other business entities may appear in the federal courts only through licensed counsel."[1] A copy of the court's order was sent to plaintiff, via certified mail, on February 23, 2006, and the instant motion for reconsideration was received by mail and filed by the clerk's office on February 28, 2006.

---

[1] Order (Doc. 56), at p. 2, (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (internal citations omitted) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *see also Flora Const. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962); *Devilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966); *U.S.A. v. Coupling Distributors International, Inc.*, 2003 U.S. Dist. LEXIS 3655 (N.D. Okla. February 12, 2003); *Albert v. Wesley Health Services, et. al.*, 2001 U.S. Dist. LEXIS 8589 (D. Kan. March 8, 2001)).

The instant motion is signed by Mr. Larry Ruiz, with the notation "pro se" in parentheses beside his typed name under the signature, and with his title provided as President/CEO, presumably of the plaintiff corporation. "It has been the law for the better part of two centuries. . . . that a corporation may appear in courts *only* through licensed counsel."[2]  "As the courts have recognized, the rationale for that rule applies equally to all artificial entities . . . . [, and] courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."[3]

Mr. Ruiz does not purport to be a licensed attorney, nor does his name appear on the roll of attorneys licensed to appear before this court. As such, the court can only conclude that he is not a licensed attorney authorized to practice before this court, and that, as a consequence, he cannot act on behalf of plaintiff in this matter. Therefore, the court finds that the instant motion for reconsideration is not properly before the court, and it shall be denied on that basis.

**IT IS THEREFORE ORDERED** that the motion for reconsideration filed on behalf of plaintiff by Mr. Lawrence Ruiz (Doc. 59) is hereby denied.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. GARY SEBELIUS
U.S. MAGISTRATE JUDGE

---

[2] *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (emphasis added) (citations omitted).

[3] *Id.* at 202 (citations omitted).

2