### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUALITY TRUST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 04-4157-SAC |
| | ) |
| CAJUN CONTRACTORS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter comes before the court upon defendants' motion to stay proceedings and extend time for discovery (Doc. 60). Plaintiff has not responded to defendants' motion and its time to do so has now expired pursuant to D. Kan. Rule 6.1(d).[1] The court, therefore, considers the instant motion to be fully submitted and ripe for decision.

On February 23, 2006, the court entered an order permitting attorney Vogel to withdraw from further representation of plaintiff in this matter (Doc. 56). Defendants filed the instant motion on March 1, 2006, seeking to stay proceedings in this matter until such time as plaintiff obtained new counsel, and to allow three additional weeks of discovery from the point any such stay would be lifted to allow defendants to complete depositions that had to be rescheduled as a result of plaintiff's counsel's withdrawal.

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days."). The instant motion includes a certificate of service, reflecting that it was served upon plaintiff by U.S. Mail on March 1, 2006. Therefore, in order to be timely, any response needed to be filed by March 15, 2006.

Pursuant to D. Kan. Rule 7.4, the court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice;[2] however, the court also evaluates the relief requested by any motion and may still deny the motion where it finds the relief requested to be inappropriate.[3]  The court has discretion to determine whether or not a motion for stay should be granted.[4]

In this instance, defendants seek a stay because they cannot proceed with the remaining discovery in this matter until such time as plaintiff has obtained the representation of counsel.  In its order permitting plaintiff's former counsel to withdraw, the court declined to set a firm deadline for the plaintiff to obtain new counsel, but it cautioned plaintiff "that any delay in obtaining new counsel that is ultimately found to be unreasonable could be grounds for dismissal of its case for failure to prosecute its claim pursuant to Fed. R. Civ. P. 41(b)."[5]  Indeed, defendants have filed a motion to dismiss directed at this issue, which has been referred for the

---

[2] D. Kan. Rule 7.4 provides in relevant part:

> The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

[3] *Green v. Dean*, No. 03-3225-JWL, 2005 WL 1806427, at *1 n.2 (D. Kan. Aug. 1, 2005) (citing D. Kan. Rule 7.4 and finding it appropriate for the court to conduct an independent review of a motion despite there being no opposing response) ("While uncontested motions are ordinarily granted, they are not invariably granted.").

[4] *See Ben Ezra, Weinstein, and Co., Inc. v. America Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

[5] Order (Doc. 56), at p. 2.


undersigned's consideration by the trial judge, U.S. District Senior Judge Sam A. Crow, and is not yet ripe for decision.[6]

This matter has been pending before the court since November of 2004, and, under the current third amended scheduling order, discovery in the case was to have been completed by March 10, 2006. As such, plaintiff's prior delay in obtaining counsel has already resulted in discovery not being completed on time, and any further delay in plaintiff obtaining new counsel will necessarily result in continued, indefinite, delay in the completion of pretrial activities in this matter.

The defendants' concerns about their ability to complete discovery are well taken; however, the court is not inclined to impose a stay and allow the matter to languish indefinitely subject to plaintiff's choice as to when it will obtain new counsel. Rather, the court believes it would be more efficient to establish a deadline for plaintiff to obtain new counsel and extend the deadlines for completion of discovery and related activities for an adequate time period beyond that date to allow for their completion. This procedure will guard against any unfair prejudice to any party and minimize any risk of unnecessary delay in the resolution of this matter.

The court will, therefore, deny defendants' motion as it relates to a stay of this matter, but it will establish a deadline for plaintiff to obtain new counsel and grant defendants' request for additional time for discovery by extending the discovery deadline until after the date for plaintiff to obtain new counsel. **Plaintiff should take heed that any failure to comply with the deadline to obtain new counsel is virtually certain to result in the undersigned**

---

[6] *See* Motion to Dismiss (Doc.61).

**recommending to the trial judge that defendants' motion to dismiss should be granted and plaintiff's claims in this matter be dismissed.**

**IT IS THEREFORE ORDERED:**

1. That defendants' motion to stay proceedings and extend time for discovery (Doc. 60) is hereby granted in part and denied in part.

2. That plaintiff shall secure the appearance of new counsel, authorized to practice before the court, in this matter on or before **April 21, 2006**.

3. That the deadline for completion of discovery in this matter is hereby extended until and including, **May 19, 2006**.

4. That the deadline for defendant to submit the parties' proposed pretrial order in this matter is hereby extended until and including **June 14, 2006.**

5. That the final pretrial conference in this matter is hereby rescheduled for **June 21, 2006, at 9:30 a.m.**, before the undersigned, in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka, Kansas.

6. That the deadline for the parties to file all potentially dispositive motions (e.g., motions for summary judgment) is hereby extended until and including **July 19, 2006**.

7. That all applicable deadlines, settings, and specifications contained in any prior order entered in this case shall remain in effect except to the extent specifically addressed herein. The deadlines and settings established by this order shall not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2006, at Topeka, Kansas.

                                                <u>s/K. Gary Sebelius</u>
                                                K. Gary Sebelius
                                                U.S. Magistrate Judge